United States District Court
Southern District of Texas
**ENTERED**
April 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAKIA BURRELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3846 |
| | § | |
| PTCAA TEXAS, L.P. d/b/a FLYING J | § | |
| TRAVEL PLAZA #729, *et al.*, | § | |
| | § | |
| *Defendants.* | | |

### ORDER

Before the Court are Defendants PTCAA Texas, L.P. d/b/a Flying J Travel Plaza #729 and Pilot Travel Centers, LLC ("Pilot") (collectively, "Defendants") Motion for Summary Judgment (Doc. No. 13-1). Plaintiff Nakia Burrell ("Burrell" or "Plaintiff") responded in opposition (Doc. No. 14), and Defendants replied (Doc. No. 16). Having considered the briefings and applicable law, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's Motion for Summary Judgment.

### I.   Factual Background

This is a personal injury/premises liability case that arises out of an alleged injury that took place on the premises of Pilot. On April 19, 2020, Plaintiff alleges that that when visiting Pilot, she entered the store and headed straight to the restroom. When Plaintiff entered the stall, she began removing her clothes to relieve herself. After she sat on the toilet, the toilet in the stall next to hers flushed, which led to the toilet she was sitting on to "erupt feces and urine onto Plaintiff's back, buttocks, genitalia area, legs, feet, and sandals." (Doc. No. 1-1 at 4). Following the incident, Plaintiff alleges that her genitals "got a red rash with bumps" and that she experienced irritation in the area while she was showering the next day. (Doc. No. 13-1 at 2). Plaintiff did not seek medical

1

treatment for the alleged rash following the incident, but contends that she self-treated this rash with aspirin, Vaseline, and rubbing alcohol. Two years later, in March 2022, Plaintiff was diagnosed with a urinary tract infection by a physician.

Defendants move for summary judgment, arguing that Plaintiff has no evidence to support that her injuries were proximately caused by the incident and that there was no contemporaneous employee conduct to support a negligence claim. (Doc. No. 13). Plaintiff responded in opposition (Doc. No. 14) and Defendants replied (Doc. No. 16).

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point

the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.   Analysis

A. <u>Whether Plaintiff's Injuries Were Proximately Caused by the Incident</u>

Defendants argue that Plaintiff has failed to provide any evidence that her injuries were proximately caused by the defective toilet on Pilot's premises. (Doc. No. 13-1 at 5). Specifically, Defendants maintain that Plaintiff has (1) produced no medical expert testimony or evidence of medical causation regarding her urinary tract infection and rash; and (2) failed to provide any evidence of medical expert testimony linking her alleged depression, anxiety, and mental anguish to the incident. (*Id.* at 5-6).

In response, Plaintiff only attaches her own deposition testimony as evidence and does not address Defendants' arguments about the urinary tract infection in her brief. Instead, Plaintiff focuses on Defendants' arguments regarding her rash and mental anguish. Plaintiff maintains that she, as a layperson, may testify as to her rash to establish causation between the incident and the injury because it is a visible symptom. To support this contention, Plaintiff refers to her deposition testimony, where she stated that within 24 hours of the incident, she began experiencing a rash accompanied by a burning sensation in her genital area, which was where she had come into contact with the fluids from the toilet. (Burrell Deposition, Doc. No. 13-2 at 52:11-25). Plaintiff further avers that she had no preexisting conditions that would have otherwise caused these symptoms. (*Id.* at 67:3-9).

As for her alleged mental anguish, Plaintiff contends that she experienced "extreme embarrassment" from the incident and testified that she had to clean herself up in front of others

who were also using the women's restroom when the incident occurred. (Doc. Nos. 14 at 8; 13-2 at 20:20-25). Plaintiff also argues that she became depressed after her boyfriend of four years ended their relationship "because he feared that Plaintiff contracted an infection or disease from her contact with the toilet excrement." (Doc. No. 14 at 8; 13-2 at 71, 72:1-15, 87:2-24). Finally, Plaintiff also testified that since the incident, she has experienced anxiety associated with using public restrooms because of the incident. (Doc. No. 13-2 at 89:6-17).

As an initial matter, the Court finds that Plaintiff has failed to raise a genuine issue of material fact that the incident caused her urinary tract infection. A party's failure to respond to arguments raised in a motion for summary judgment constitutes waiver or abandonment of those issues at the district court level. *See Treece v. Perrier Condominium Owners Association, Inc.*, 593 F.Supp. 422, 429-30 (E.D. La. 2022); *Sims v. Nacogdoches County, Texas*, 2022 WL 3207460 at *3 (E.D. Tex. July 18, 2022) (quoting *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983). In her Response in opposition, Plaintiff did not even attach any evidence that would link the injury to the incident and did not address Defendant's arguments about the urinary tract infection. Accordingly, any argument linking the incident to Plaintiff's alleged urinary tract infection has been waived and is hereby dismissed.

Defendants contend that because Plaintiff has failed to provide any expert medical testimony linking her rash to the incident, summary judgment must be granted. This Court agrees. Under Texas law, the general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors. *Guevara v. Ferrer*, 247 S.W.3d 662, 663 (Tex. 2007) (citing *Ins. Co. of N. Am. V. Myers*, 411 S.W.2d 710, 713 (Tex. 1996)). Lay testimony, however, is adequate to prove causation in those

4

cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition. *Id.* (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1994)). This Court does not find that rashes are a condition with which a layman may opine as to their origin. Given that rashes may originate from various conditions or causes, medical expert testimony is necessary to link the toilet incident as the cause of Plaintiff's rash. Since Plaintiff has presented no medical expert testimony linking her rash with the incident, she has essentially presented no evidence to support causation as to her rash at all. Accordingly, this Court grants Defendants' motion for summary judgment as to the rash being caused by the incident. Obviously, Plaintiff can only testify as a lay individual as to her own conditions as she perceived them. Plaintiff, however, may not testify that the rash was caused by the incident.

    Defendants also make similar arguments as to Plaintiff's claims of mental anguish, depression, and anxiety. Specifically, they contend that because Plaintiff lacks expert medical testimony linking these conditions to the accident, they must be dismissed. This Court agrees, at least in part. Under Texas law, evidence of past pain and mental anguish may be proven through a plaintiff's testimony or other evidence, including circumstantial evidence. *Sanchez v. Balderrama*, 546 S.W.3d 230, 238 (Tex. App.—El Paso 2017, no pet.). The Court finds that Plaintiff may not testify on her own behalf that she was suffering from clinical depression, as this requires a level of expertise that she has not demonstrated. There is, however, a distinction between a clinical, medical diagnosis of anxiety or depression by a psychiatrist, and an individual's feeling of being anxious or depressed. Accordingly, Plaintiff may testify as to her own emotions and feelings as they have manifested following the incident. Defendants' motion for summary judgment as to causation is granted to the extent that Plaintiff attempts to argue that she has suffered clinical

depression caused by the incident, but is denied to the extent it seeks to preclude her from testifying as to feeling anxious or depressed following the incident.

   B. Whether Defendants May Be Held Liable for Negligent Activity

Under Texas law, "[r]ecovery on a negligent activity theory requires that the person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Defendants contend that Plaintiff's negligence claim must be dismissed because (1) her claims should be grounded in premises liability only and (2) Plaintiff was not injured by the actions of Pilot or its employees, so her injuries were not the result of any contemporaneous negligent activity. Since Plaintiff alleges that she was injured after "the toilet [she] was sitting on erupt[ed] feces and urine onto [her] back, buttocks, genitalia area, legs, feet, and sandals," Defendants argue that the existence of this alleged defect in the toilet cannot constitute contemporaneous activity. Thus, Defendants maintain that Plaintiff's negligence claims must be dismissed as a matter of law.

In response, Plaintiff appears to argue that she has evidence to create a dispute of material fact as to the existence of her negligence claim. Plaintiff contends that Defendants owed her the duty to use ordinary care to reduce or eliminate unreasonable risks of harm created by a premises condition since she was an invitee on the property. (Doc. No. 14 at 4). To support this contention, Plaintiff cites to her own deposition testimony as to her status on the premises. There, she states that she may have purchased cigarettes while on the premises and her cousin, who drove the vehicle that brought Plaintiff to the premises, purchased gas. (Doc. No. 13-2 at 18-19). Second, Plaintiff argues Defendants breached their duty to Plaintiff because they failed to lock the bathroom stall door or display warning signs when they knew that some of the restrooms were out of order. (Doc. No. 14 at 5). To support these contentions, Plaintiff avers that when she walked

into the bathroom on the premises, she did not see any warning signs on the door of the restroom or on the stall she chose. (Doc. No. 13-2 at 81:1-3). Plaintiff also testified that following the incident, she heard Dawn Crenshaw ("Crenshaw"), manager of the premises, tell Santos, a maintenance worker, that the restroom Plaintiff used was out of order and the doors were supposed to be locked. (*Id.* at 85:8-17). Plaintiff further states in her deposition testimony that she spoke to Santos directly, and that he informed her that the two of the restrooms that were defective were supposed to be locked. (*Id.* at 83:7-10). Thus, Plaintiff contends that Defendants knew that the toilets were defective and their failure to lock the bathroom stall doors or display warning signs on them was negligence and that it led Plaintiff to use a restroom that erupted and caused her injuries. (Doc. No. 14 at 6).

As an initial matter, Defendants' contention that they cannot be held liable for negligence because Plaintiff's claims should be grounded in premises liability fails. Plaintiffs may not recover twice on both a theory of premises liability and negligence. Nevertheless, under Texas law, because they are independent theories of recovery, they may be pled in the alternative. *See* Fed. R. Civ. P. 8; *Harris County Flood Control Dist. v. Halstead*, 660 S.W.3d 707, 713 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Moreover, the fact that the proof as to both theories may overlap does not demand that one or the other be dismissed. Thus, Plaintiffs' negligence claims cannot be dismissed at the summary judgment stage simply because they were pled in addition to the premises claim.

Defendants' argument that they should prevail Plaintiff's negligence claim because she has no evidence she was injured by a contemporaneous activity is also unavailing. The Court finds that Plaintiff has presented enough evidence to raise a genuine issue of material fact that her injury was caused by contemporaneous activity by employees of Pilot. According to Plaintiff's testimony,

7

when she entered the restroom on the premises, there were no warning signs posted and the doors to the allegedly defective restrooms were not locked. Moreover, based on Plaintiff's testimony, Crenshaw, the general manager of Pilot, and perhaps others, knew that the restrooms were out of order and that the doors needed to be locked to prevent patrons from using the restrooms. Plaintiff avers that she would not have used the defective restroom and therefore would not have been injured had the restroom stall been locked or a warning sign displayed. Accordingly, Plaintiff has raised a genuine issue of material fact as to Defendants' contemporaneous activity and her injuries. Defendants' motion for summary judgment as to Plaintiff's negligence claim is therefore denied.

### IV. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** in part and **DENIES** in part Defendants' Motion for Summary Judgment.

Regarding causation, Plaintiff's claims that the incident caused her to experience a rash, urinary tract infection, and clinical anxiety and depression are hereby dismissed. Plaintiff, however, is permitted to testify as to her rash and any feelings or emotions as she experienced them but is precluded from testifying that the incident caused the rash or that it resulted in a diagnosis of clinical anxiety and/or depression.

Defendants' Motion for Summary Judgment as it pertains to Plaintiffs' negligence claims is **DENIED**.

Signed at Houston, Texas, this 19th day of April, 2023.

Andrew S. Hanen
United States District Judge